IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KENNETH SKAHAN,<br><br>      Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>  Acting Commissioner of Social<br>  Security,<br><br>      Defendant. | CIVIL NO. 15-00046 DKW-BMK<br><br>**ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE** |

## <u>ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE</u>

### <u>INTRODUCTION</u>

This is an action brought under 42 U.S.C. § 405(g) to review a final decision of the Acting Commissioner of Social Security, Carolyn C. Colvin (the "Commissioner"). Kenneth Skahan was awarded Social Security disability benefits based on a work injury. He contends that he was disabled from 1993 through 1999 and 2005 through 2009, but that the Social Security Administration erroneously included his earnings from these years as part of the calculation of his monthly disability insurance benefits payments. The Commissioner, however, determined that Skahan was not disabled during these years within the meaning of

the Social Security Act—including from 2006 through 2008—and that the agency properly calculated the amount of Skahan's monthly payment.  Skahan disagrees.  After carefully reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") correctly determined that Skahan was receiving the full amount of monthly disability insurance benefits to which he was entitled, and the Court is otherwise without jurisdiction to review the claimed points of error.  Accordingly, the Court affirms the ALJ's September 13, 2013 decision.

## **BACKGROUND**

On November 15, 1996, Plaintiff filed an application for disability insurance benefits, alleging disability since June 13, 1994.  The Social Security Administration (the "agency") initially denied this claim, did so again after Skahan requested reconsideration, and did so a third time after an ALJ convened a hearing on February 12, 1998.  *See* Opening Brief, Ex. 2 at 4.  The ALJ's May 5, 1998 decision found that Skahan was not disabled because of his ability to perform other work in significant numbers in the national economy.  Opening Brief, Ex. 2 at 17.

On August 2, 2006, Skahan filed another application for disability insurance benefits, alleging that he was disabled from November 1, 2004.  *See* Administrative Record ("AR") 66, 68.  The agency denied this claim on January 5, 2007.  Opening

Brief, Ex. 1 at 2. Of particular note, Skahan did not seek reconsideration of the denial of this claim. *See* Opening Brief at 5-6.

Skahan next filed an application for disability insurance benefits on September 13, 2011. AR 15-18, 66. In that application, Skahan stated that he became disabled on August 3, 2009. AR 15. The agency initially denied this claim on March 14, 2012. *See* AR 19-22. However, after Skahan requested reconsideration on March 21, 2012, the agency issued a Notice of Award on June 11, 2012, finding him disabled as of August 3, 2009, as requested. AR 23-28. Under the Notice of Award, Skahan would receive $1,147.00 per month in disability benefits. AR 10. The Notice of Award informed Skahan that he would be entitled to benefits no earlier than twelve months before the month he filed his claim, pursuant to 42 U.S.C. § 423. AR 24. That is, because he filed his claim on September 13, 2011, his monthly disability insurance payments would begin as of September 2010. *Id.*

Skahan requested reconsideration of the June 11, 2012 Notice of Award on July 12, 2012, disputing the amount of the monthly payment awarded. AR 29. On March 12, 2013, the agency issued a notice denying his request for reconsideration, explaining how it had calculated Skahan's monthly disability payments. AR 31-35.

On May 21, 2013, Plaintiff requested a hearing before an ALJ to challenge the calculation of his monthly disability payments. AR 36.

The ALJ issued a decision on September 10, 2013, affirming the agency's March 12, 2013 determination of the amount of Skahan's monthly disability payments. AR 7-14. In the decision, the ALJ took note of Skahan's assertion that that he was disabled between 1993 and 1999, and between 2005 through 2009, and his argument that these years should not have been included in the computation of his average indexed monthly earnings. AR 13. The ALJ determined that these periods of alleged disability were not included as such in the agency's calculation because the agency did not find Skahan to be disabled under the Act until August 3, 2009. AR 13. The ALJ found that the agency properly applied the procedures set forth in the statute and the agency's regulations to calculate the amount of Skahan's monthly disability payment. AR 13-14.

Skahan filed a request for review of the ALJ's decision on October 4, 2013. AR 93. Thereafter, on December 24, 2014, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Skahan's request for review. AR 3-5. Skahan filed his complaint seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on February 19, 2015. The sole issue on appeal is whether the years 2006, 2007, and 2008 should have been

4

excluded from his computation base years.  Complaint ¶ 4.b.  According to Skahan:

> I was wrongfully denied SSDI benefits in 2006 and the Government is also trying to lower my monthly SSDI benefit amount by including those years in my computation base years to determine my "average indexed monthly earnings", which were incorrectly calculated.  It is no longer of any consequence that I was wrongly denied benefits for the claim of 8/2/2006 but the ALJ was and is required to investigate and ascertain, whether or not I qualify, under the SSA rules, for a "period of disability" for the years in question, 2006, 2007 and 2008, which he did not.  That is an abuse of discretion and an error of law.

Complaint ¶ 5.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g) (the "Act"), "[t]he district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") (citations omitted).  Substantial evidence is "more than a mere scintilla but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (citation omitted).

"Even though findings might be supported by substantial evidence, the correct legal standard must be applied in making a determination of disability." *Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir.2002) (citation omitted). In other words, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir.1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

## **DISCUSSION**

### I.   **The Court is Without Jurisdiction to Evaluate Skahan's Disability Status During 2006, 2007, and 2008**

The first point of error raised by Skahan is that the ALJ erred in determining that "[t]here are no other period(s) of [Skahan's] disability, as that term is defined is 20 CFR 404.1501(b) and 404.1505," beyond the period since August 3, 2009. Opening Brief at 8. The ALJ expressly included in his evaluation of the evidence the following explanation of why certain years were not excluded in the computation of Skahan's average indexed monthly earnings:

> Here, the Social Security Administration did not find the claimant to be under a disability during the years from 1993

6

>through 1999, and from 2005 through 2009, as he alleged. The claimant filed an application for disability benefits on November 15, 1996, which was denied. He filed another application for disability benefits on August 2, 2006, which was also denied. [Exh. 9/1-2] He was not determined to be under a disability, until beginning August 3, 2009, based on his current application protectively filed on October 17, 2011. [Exh. 4]

AR 13.

Skahan faults the ALJ for reducing the amount of his disability insurance benefits by not finding him disabled under the Act from 2006 through 2008. In order for Skahan to succeed in this line of argument, however, he would need the ALJ and the Court to reopen and review the agency's denial of his August 2006 disability insurance benefits claim. This the Court cannot do.

Skahan acknowledges that he elected not to pursue available administrative remedies to challenge the agency's denial of his August 2006 claim. *See* Opening Brief at 5-6 ("Although the claimant did not appeal that denial it does not preclude him from establishing a 'period of disability' from 2006, 2007 and 2008, by showing that the denial was unlawful or incorrect and not supported by the evidence or the SSA's rules."); Reply at 2 (same). Despite Skahan's opinion,[1] his failure to

---

[1] Skahan's assertion that "this case is not about re-opening of the 2006 application" is specious. Reply at 5. His conclusory assertion that "this Court certainly, and legally, has the jurisdiction to review the 2007 decision in order to determine if the ALJ, in the instant case, properly reviewed

exhaust administrative remedies and obtain a final agency decision on his August 2006 claim leaves this Court without jurisdiction to now consider the matter for the first time.

Presenting an administrative claim to the agency is a non-waivable requirement to establishing jurisdiction under section 405(g). *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986). Skahan is required to exhaust administrative remedies before seeking judicial review of a final agency decision. 42 U.S.C. § 405(g). He did not do so, having failed to administratively challenge the decision on his August 2006 claim, the only one that even partially addresses the 2006 to 2008 time period at issue here. Accordingly, because Skahan did not administratively exhaust, as required by 42 U.S.C. § 405(g), the Court cannot consider any challenges regarding his 2006, 2007, and 2008 disability status.[2] *See, e.g., Califano v. Sanders*, 430 U.S. 99, 108-09 (1977) (observing that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'"); *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899,

---

the ALJ's 2007 decision, given his affirmation of it," is unsupported by any legal authority in his brief, and in fact, is in contravention of the legal precedent known to this Court.
[2]Likewise, as discussed briefly, *infra*, Skahan neither administratively challenged the agency's mathematical calculation of his monthly benefits, as detailed in its March 12, 2013 Notice of Reconsideration, nor did he cite it as a basis for this appeal. AR 31-33. The Court is accordingly without jurisdiction to review those calculations and makes no findings with respect thereto.

902 (9th Cir. 2001) (courts may only waive a claimant's failure to exhaust administrative remedies upon assertion of a colorable constitutional claim ); *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985) (agency's decision to reopen a claim is "purely discretionary" and refusal to reopen previous decision is not final decision subject to judicial review).

## II.   The ALJ's Decision Correctly Applied Legal Standards and Is Supported by Substantial Evidence

The second point of error raised by Skahan is that the ALJ erred in determining that "the claimant's monthly benefit amount was correctly calculated as set forth in the reconsideration determination issued on March 12, 2013."  Opening Brief at. 8.  Aside from his allegations about other periods of disability addressed above, Skahan does not seriously dispute that the agency properly followed the relevant regulatory procedures.

As set forth in the decision, the agency found Skahan to be disabled beginning August 3, 2009 and entitled to monthly disability benefits beginning September 2010.  The decision reviewed in detail the procedures set forth in the agency's March 12, 2013 reconsideration, finding that Skahan's monthly benefit had been correctly determined, and set forth in considerable detail the statutory basis for the method of calculation.  *See* AR 11.  Skahan points to no error in this analysis.

9

The ALJ explained that, under 20 C.F.R. § 404.211, the agency would not include years within a period of disability when calculating an individual's average indexed monthly earnings, unless the inclusion of those years would lead to a higher primary benefit amount. AR 11-12. Because Skahan's earlier disability applications were denied, the ALJ properly determined that he had no other periods of disability under the Act, and that the agency correctly applied its procedures to calculate Skahan's monthly benefit amount. AR 13-14.

Accordingly, the Court finds that the Commissioner's final decision correctly applied legal standards, was supported by substantial evidence, and is in accordance with the law.

## **CONCLUSION**

For the foregoing reasons, the Court affirms the ALJ's September 13, 2013 decision. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: December 24, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Kenneth Skahan v. Carolyn W. Colvin; Civil No. 15-00046 DKW-BMK; **ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE**